358 July 8, 2026 No. 642

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

COLE THOMAS SMITH,
*Defendant-Appellant.*

Clackamas County Circuit Court
24CR03672; A186244

Michael C. Wetzel, Judge.

Submitted June 2, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section and Rond Chananudech, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Adam Holbrook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Affirmed.

**TOOKEY, P. J.**

Pursuant to a plea agreement, defendant pleaded guilty to driving under the influence of intoxicants (DUII), ORS 813.010, reckless driving, ORS 811.140, and assault in the fourth degree, ORS 163.160. Defendant appeals the supplemental judgment imposing restitution. In his sole assignment of error, defendant argues that the trial court erred when it imposed restitution because the state breached the plea agreement by requesting restitution more than 90 days after the judgment of conviction. We conclude that the state did not breach the plea agreement. We therefore affirm.

Defendant was involved in a motor vehicle collision on Interstate 205. Defendant was reported as "tailgating, passing cars going over 90 miles per hour on the shoulder with windshield wipers on." Defendant then "rear-ended the victim's car at a high rate of speed causing injury to four victims," including two children. In the resulting DUII investigation, a blood draw showed defendant had a .239 blood alcohol content. Defendant was charged with DUII, reckless driving, and four counts of assault in the fourth degree.

Defendant pleaded guilty to the first three counts pursuant to a plea agreement, and the remaining counts were dismissed. Under the terms of the plea agreement, defendant stipulated to liability for restitution as "to all counts in the indictment *** , including any and all counts being dismissed as part of this agreement, and [he] agree[d] to waive any objections to restitution per ORS 137.106(1) and (5)." Defendant further agreed that "the State may set a hearing to determine the restitution amount or a compensatory fine within 90 days if the amount is not agreed to initially." The trial court entered a judgment of conviction on the first three counts on April 30, 2024, which did not impose restitution.

On July 30, 2024, 91 days after defendant was convicted, the state filed a Notice Requesting Restitution. Defendant objected on the grounds that the notice was sent more than 90 days after defendant was convicted. The state filed a Motion to Continue and a Motion for Good Cause Extension in which it argued that it needed the extension

to "investigate and present restitution to the Court given the nature of the charges in this case, the ongoing medical treatment for one of the victims, and in the interest of justice for the victim's constitutional rights." At the hearing on the motion for the good cause extension, the state argued, "The actual explanation for good cause was the ongoing medical treatment in this case" and the time that the victims' attorneys needed to provide the state with the victims' medical records. The trial court found that there was good cause to allow the state's requested extension. After the hearing, the trial court ordered restitution and entered a supplemental judgment awarding restitution in the amount of $17,888.89.

On appeal, defendant raises one assignment of error. He argues that "[t]he trial court erred when it entered a supplemental judgment ordering defendant to pay restitution" because the state violated the plea agreement by seeking restitution more than 90 days after entry of the judgment of conviction. More specifically, he argues that the state breached the plea agreement because the state filed its motion for restitution on the 91st day. Defendant also contends that the trial court's ruling that the state had good cause was in error because "the plea agreement did not contain a 'good cause' provision to extend the 90-day deadline" and because "[t]he reference to ORS 137.106 did not import a 'good cause' provision into the plea agreement."

In response, the state argues that "[t]he restitution provision [in the plea agreement] expressly incorporated ORS 137.106(1), which provides a good-cause exception to the 90-day deadline for a restitution hearing." The state points to the restitution provision in the plea agreement which reads in relevant part: "By accepting this agreement, the Defendant stipulates to liability for restitution to all counts in the indictment or information, including any and all counts being dismissed as part of this agreement, and agree[s] to waive any objections to restitution per ORS 137.106(1) and (5)." Based on that provision, the state argues that defendant "waived an objection to the district attorney filing a restitution motion within 90 days" and "to the court extending that deadline for good cause." The state contends that that shows "the state expressly bargained for

the incorporation of ORS 137.106(1) in the plea agreement and, specifically, defendant's express waiver of any objection under that section."

We review the award of restitution outside of the 90-day period specified in the plea agreement for legal error. *State v. Lynch*, 305 Or App 122, 124, 469 P3d 800 (2020). We begin with the relevant statute. It states:

> "If the district attorney is unable to present restitution evidence at sentencing, within 90 days after sentencing the district attorney may file a motion requesting that either the judgment be amended to require restitution or that a supplemental judgment be entered requiring restitution. The court may extend the time by which the district attorney must file the motion for good cause."

ORS 137.106(1)(b)(A). "Contract law generally controls the interpretation of plea agreements." *State v. Minor*, 297 Or App 461, 466, 443 P3d 695 (2019). "At the first analytic step, the court considers the text and context of the contractual provision to determine whether the provision is ambiguous." *Batzer Construction, Inc. v. Boyer*, 204 Or App 309, 317-18, 129 P3d 773, *rev den*, 341 Or 366 (2006). If the provision is unambiguous, the inquiry ends. *Id.*

Here, the provision in the plea agreement states:

> "Restitution: By accepting this agreement, the Defendant stipulates to liability for restitution to all counts in the indictment or information, including any and all counts being dismissed as part of this agreement, and agree[s] to waive any objections to restitution per ORS 137.106(1) and (5). The Defendant also agrees that the State may set a hearing to determine restitution amount or a compensatory fine within 90 days if the amount is not agreed to initially. The defendant also agrees to waive his or her appearance at any scheduled restitution hearing if the defendant fails to appear."

Defendant argues that provision means that "the parties agreed that defendant would not contest [the] restitution amount or contest that he was unable to pay restitution." He further contends that "[t]he reference to ORS 137.106 did not import a 'good cause' provision into the plea agreement." We disagree.

The plain text of the plea agreement states that defendant "waives any objections to restitution per ORS 137.106(1) and (5)." ORS 137.106(1)(b)(A) provides that "[t]he court may extend the time by which the district attorney must file the motion for good cause."

As a result, defendant's reliance on *State v. Lynch*, 305 Or App 122, 469 P3d 800 (2020) is inapposite. In *Lynch*, the state promised that the amount of restitution would be determined within 90 days, and the court awarded restitution of $22,440.52 to the victim's insurer within 90 days, but a few months later, the state sought and was awarded an additional $29,967.44 in restitution for damage caused to city property. *Id.* at 124. The defendant argued that the award of restitution to the city was inconsistent with the terms of his plea agreement, and we agreed.

In *Lynch*, the state argued that the term that the defendant will "stipulate to liability for restitution (amount TBD w/in 90 days)," was ambiguous and could be interpreted to incorporate a good cause extension of time. *Id.* We disagreed and found that "TBD w/in 90 days" was not ambiguous, and we further noted that "the trial court did not find 'good cause' for awarding restitution beyond the 90-day statutory limit." *Id.* Although the trial court determined that the city had a right to reimbursement under Article I, section 42, of the Oregon Constitution, we concluded otherwise, determining that the defendant had an enforceable due process right to the "benefit of the bargain struck," which provided that the restitution amount would be determined within 90 days. *Id.*

By contrast, here, the bargain struck expressly included the provisions of ORS 137.106(1), which allowed the court to extend the 90-day deadline for good cause. The court found there was good cause to extend the 90-day deadline because the delay was due in part to ongoing medical treatment that the victims received as a result of the injuries that defendant caused, and the time needed for the state to receive the victims' medical records. That finding distinguishes this case from *Lynch*, where "the trial court did not find 'good cause' for awarding restitution beyond the 90-day statutory limit." 305 Or App at 127.

Indeed, here, defendant does not challenge the restitution amount of $17,888.89, or argue that the victims, who were in a car that defendant rear-ended, did not incur those medical expenses. Instead, his only argument is that the state breached the agreement by seeking restitution one day late, even though the agreement expressly identifies a statutory provision that allows for a good cause extension of time.

Because the express terms of the plea agreement indicate that defendant waived his objection to a good cause extension of time to seek restitution, and because the trial court found that there was good cause to extend the 90-day deadline for the state to file, the state did not breach its agreement with defendant.

Affirmed.